## LOWREY *v.* CHEATHAM, ordinary.

1. A paragraph of a petition brought to contest an election held under the provisions of an act of the General Assembly, approved August 1, 1906 (Acts 1906, page 114), which sets out the names of a sufficient number of voters to have changed the result of the election, who, it is alleged, would have voted adversely to the actual result of the election, was open to attack by demurrer, there being no allegations that the persons named offered to vote at the precincts where under the law they had the right to vote, although the paragraph referred to alleged that the persons mentioned were in all respects entitled to vote; that they had registered, paid all taxes required by law, and were legally qualified voters; that they went "to the polling places for the purpose, during the legal hours of voting, and offered to vote, but were not allowed to vote, for the sole reason that their names were not on the lists of voters handed to the managers by the registrars."

2. A paragraph of the petition, alleging that certain conduct upon the part of the registrars tended to intimidate voters from "qualifying themselves to vote at said election," was open to demurrer, where it failed to allege the names and number of the persons so intimidated and deterred, although it did allege in general terms that a sufficient number of persons were intimidated and deterred from qualifying themselves as voters to have changed the result of the election, and that they would have voted contrary to the actual result of the election as declared, and that their names were fraudulently omitted from the lists of voters by the registrars.

3. The requirement of the law that boards of county registrars shall be bipartisan is met, where the members of the board are not all of one political party.

*Submitted February 12,—Decided August 17, 1908.*

Contest of election. Before Judge Worrill. Terrell superior court. May 27, 1907.

*John R. Irwin, H. A. Wilkinson,* and *Raines & Gurr,* for plaintiffs. *M. C. Edwards* and *M. J. Yeomans,* for defendant.

BECK, J. An election was held under the provisions of an act of the General Assembly, approved August 1, 1906 (Acts 1906, page 114), to determine the question as to whether the sale of intoxicating liquors through dispensaries should be prohibited in the county of Terrell. The election was ordered by the ordinary, and held in accordance with the provisions of the act above referred to. The ordinary declared the result of the election "to be in favor of the prohibition of the sale of intoxicating liquors through dispensaries in said county." Whereupon a contest was instituted in the superior court, the petition setting forth certain grounds as to the "cause of contest." The ordinary was named as

the defendant in the petition. General and special demurrers were filed. At the hearing the case was dismissed upon demurrer, and the petitioners excepted. Many of the grounds set forth in the petition as cause of contest were expressly abandoned in the brief of counsel for plaintiffs in error, and still others are obviously without merit. But one portion of the petition is strongly and earnestly insisted upon as stating a ground for the granting of the order prayed for; that is, "An order directed to three justices of the peace, requiring them to recount the ballots cast in said election, and that they report the result to the superior court of said county." The paragraph in the petition just referred to sets out the names of some 700 persons who, it is alleged, were in all respects entitled to vote; that they had registered, paid all taxes required by law, and were legally qualified voters; "that they went to the polling places for the purpose of voting, and offered to vote, and would have voted for the dispensaries, but were not allowed to vote, for the sole reason that their names were not on the list of voters handed to the managers by the registrars." And it is alleged that these names were fraudulently omitted from the list of voters by the registrars.

After a careful consideration of the allegations, which are in substance as set forth above, we are of the opinion that the court did not err in holding that portion of the petition to be demurrable. In order for the paragraph containing the allegations above set forth in substance to have been a good and valid ground of contest, it should, in addition to the averments set forth, have been alleged that the voters who were alleged to have been qualified, and who, it is alleged, went to the polling places to vote, and who, it is further alleged, tendered their ballots, actually went to the polling places at which they were entitled to vote. This is nowhere alleged in the petition, and this paragraph is attacked by demurrer on that ground. The votes of the 700 persons whose names are set forth, had they been regularly cast and counted, would have changed the result of the election had they voted "for the dispensaries," as it is alleged in the petition they would have done. But in order for it to appear that the ballots of those persons were illegally rejected, it should have been averred that they offered to vote at that precinct at which, under the law, they were entitled to vote; and the failure of the petitioners to allege that

those persons whose votes are contended to have been illegally rejected offered to vote at the proper precinct was fatal to the petition. Other averments in other paragraphs of the petition, amplifying the allegations of fraudulent conduct on the part of the registrars, could not have the effect of curing the defect in the petition pointed out above.

2. It was charged in another portion of the petition, that there was an "illegal combination and fraudulent conspiracy" between the registrars and certain named citizens of the county, and that in pursuance of that conspiracy the registrars, acting in concert with certain named officials of the county, by threats of criminal prosecution and by other acts, intimidated "voters who were known to be in favor of said dispensary, for the purpose of preventing them from qualifying themselves to vote at said election for said dispensaries, and, in pursuance of said conspiracy as aforesaid, the persons whose names appear on the registration list who were known to be in favor of said dispensaries, and who appeared before said registrars, were threatened by said persons, in the presence of said registrars, with criminal prosecution if they made any effort to have their names kept upon the said voters' lists." And other acts tending to intimidate the voters from "qualifying themselves" to vote at said election are charged; but the names and the number of those so intimidated and prevented from "qualifying themselves" as voters are not set forth, although it is alleged generally that a sufficient number were thus intimidated to have changed the result of said election, "making it in favor of dispensaries." However reprehensible the conduct charged against the registrars and the officials referred to as acting in combination with them may be, it will not have the effect to vitiate the election, nor will it have the effect of changing the result, unless it be clearly shown who were the voters deterred from qualifying themselves, and that their votes would have changed the result of the election. The allegations touching this ground of contest, not being in conformity with this rule, were demurrable. *Cole* v. *McClendon,* 109 *Ga.* 183 (34 S. E. 384).

3. The contention that the board was not bipartisan, as provided by the Political Code, §51, is not made to appear by the allegation that "all of said registrars who made said voters' lists were of.the parties who were against the said dispensaries at said

election, and that therefore they were not a bipartisan board ·as provided by law." There was no allegation that the registrars were not, as a matter of fact, of different political parties; and if they were of different political parties, the board was bipartisan in the sense in which that expression is used in the code section referred to, although all of the registrars were in favor of prohibiting the sale of liquor in dispensaries.

Holding that the portions of the petition which we have dealt with above were demurrable, the petition set forth no good and valid grounds of contest, and there was no error in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*