### 3263. CALHOUN BRICK CO. *v.* PATTILLO LUMBER CO.

1. The recording of a materialman's claim of lien on the proper book in the office of the clerk of the superior court in the county where the property upon which the lien is claimed is situated, within three months after the material is furnished, substantially in the form prescribed by the statute, is a sufficient record, although the entry of filing and recording, and the actual inscribing of the claim of lien, may have been done by an employee of the clerk, charged specially with such clerical work in the office. It is the fact of record, and not the mere ministerial or mechanical act of recording that is essential.

2. A claim of lien for material furnished for building purposes from time to time under one and the same contract is recorded in time, if the record of the claim be made within three months from the delivery of the last item constituting a part of the running account covered by the contract, although many items of the account had been furnished more than three months from the date of record.

DECIDED DECEMBER 19, 1911.

Money rule; from city court of Atlanta—Judge Reid. January 31, ,1911.

*Thomas & King,* for plaintiff in error.

*E. A. Stephens, Walter McElreath,* contra.

HILL, C. J. The questions in this case, arose on a rule against the sheriff for distribution of a fund in his hands, realized from the sale of property under execution. There were, two claimants of the fund,—the Pattillo Lumber Company claiming it under a materialman's lien, and the Calhoun Brick Company under a, general execution. The judge, by agreement, heard the case without the intervention of a jury, and decided that the materialman's lien had priority.

It is admitted that if the materialman's lien was valid, it was entitled to priority of payment, and there was no contention that this claim of lien was not in due form, or that it was not recorded in the proper office on the proper book. But its validity is challenged on two grounds: (1) Because the entry of filing and recording was not made by the clerk of the superior court, but was

made by a clerk employed in his office and not in his presence; that the entry of filing and recording, as well as the recording of the claim of lien, was made by this employee, he writing the name of the clerk; that this clerk was employed in the office of the clerk of the superior court in doing the actual work of writing on the books of the clerk's office. (2) That the claim of lien was not filed for record in the office of the clerk, or recorded, within three months after the material had been furnished. The evidence showed that some of the material for which the lien was claimed was furnished within three months before the filing for record of the claim of lien, but it was insisted this material was not included in the material furnished in the original contract, but was extra material, ordered from time to time, and was not a part of the account, and therefore could not be included in the claim of lien. The judge found against this contention, holding that these items of the account constituted a part of the running account furnished from time to time under one and the same contract, and that the record of the claim of lien was made three months from the delivery of the material constituting several of these last items.

1. The recording of the materialman's claim of lien in the office of the clerk of the superior court in the county where such property is situated, within three months after such material is furnished, substantially in the form as designated in the statute, is legally sufficient. Civil Code (1910), § 3353, par. 2. A claim of lien must not only be filed for record, but must be recorded within three months after the material shall have been furnished, to meet the requirements of the statute. If the claim of lien is actually recorded on the proper book in the clerk's office, in so far as the record is concerned the creation of the lien is established. *Jones v. Kern,* 101 *Ga.* 309 (28 S. E. 850). The omission of the clerk to enter the fact of the record on the original paper, if the record was actually made, would not invalidate or affect its regularity. *Grice v. Haskins,* 73 *Ga.* 701. In other words, it is the fact that the claim is duly recorded in the proper office and on the proper book that is necessary, and it is immaterial whether the clerk himself, or some one in his office and in his employ, does the physical act of recording, for the writing of the lien upon the record is a mere ministerial or mechanical duty, and can be properly performed by any one employed in the office by the clerk who is charged with

the duty of making such recordation. The act of recording does not require the exercise of any judgment or discretion on the part of the clerk. It is purely a mechanical or executive act, and can be delegated by the clerk to an employee in his office, unless this is expressly prohibited by statute. Mechem on Public Officers, § 567; *Horton* v. *State, 120 Ga. 307* (47 S. E. 969). The decisions relied upon by counsel for the plaintiff in error relate to cases involving some act which the statute expressly requires shall be performed by the officer in person, or which necessitates the exercise of some judgment or discretion, or to cases referring to the signing of something in the nature of judicial writs, such as the issuance of subpœnas, or executions, and official documents of like character. We think, therefore, that the learned trial judge very properly held that the claim of lien was valid, notwithstanding the fact that the entry of filing and recording had been made by an employee in the clerk's office who was specially charged with that work; the claim of lien having been duly recorded in the proper office on the proper book.

2. The second objection to the validity of the lien involves a question of fact, largely to be determined by an inspection of the items of the account, and there was ample evidence to sustain the finding on this point. The documentary evidence clearly showed that the claim of lien was recorded within three months from the delivery of some of the items of the material which constituted as a whole the claim of lien, and it is well settled that, if the recording was within three months from the delivery of the last item of the material constituting the lien, this requirement of the statute would be fulfilled. Alexander's Lien Laws of the Southeastern States, and cases cited on page 188.     *Judgment affirmed.*