STEWART BROTHERS *et al.* v. RANDALL BROTHERS.

FISH, C. J.   1. "Where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and specifically states that it is not to be construed as waiving some particular defect then pointed out by him." Acts 1911, p. 150, sec. 4.

(*a*) Accordingly, where a bill of exceptions was certified on December 27, 1911, and the following acknowledgment of service was signed by counsel for defendant in error: "Due and legal service of the within bill of exceptions acknowledged; copy and all other and further notice or service waived, this 20th day of ——— 1911," the writ of error

will not be dismissed upon the ground that "It does not appear on the original bill of exceptions when service was waived or acknowledged by counsel for defendant in error. No date appears when service was waived or acknowledged."

2. The court did not err in refusing to grant a nonsuit.

(a) It was not cause for nonsuit that most of the items in the account for material alleged to have been furnished by plaintiffs for the construction of the building bore date more than three months before the date of recording the claim for lien, it appearing that some of the later items of the account were dated within three months from the date of the record, and there being evidence tending to show that the whole amount was covered by one and the same contract between the plaintiffs and the contractor. *New Ebenezer Association* v. *Gress Lumber Co.*, 89 *Ga.* 125 (14 S. E. 892).

3. The action was brought by materialmen against a contractor and the owners of certain realty, for the price of certain material alleged to have been furnished to the contractor and used in the erection of a building on the land of the other defendants, and to establish a lien on the premises for such material. The court instructed the jury as follows: "You are not concerned with whether or not Sebert [the contractor] finally finished the contract with these people; whether he abandoned it or not is immaterial, as between Randall Brothers [the plaintiffs] and these people [the other defendants]; to set up this lien, whether or not Randall Brothers furnished this material is the question that you look to." The only assignment of error upon this charge was that it was erroneous. Whether the completion of his contract by the contractor was material or not might depend upon the evidence in the case. The extract from the charge excepted to does not purport to be a statement of an abstract principle of law, but simply amounts to an instruction that under the evidence in this particular case it was immaterial whether the contractor had completed his contract. So treated, a general assignment of error upon it presents no point for adjudication. (Evans, P. J., and Lumpkin, J., dissent from this ruling.)

4. The court erred in permitting an employee of the plaintiffs to testify that the contractor informed him that the material bought from the plaintiffs was to be used in constructing the building upon which plaintiffs sought to establish a lien. This evidence was objected to by the owners of the building, upon the ground that they were not present when the contractor made such statement. The evidence in behalf of the plaintiffs, tending to show that the material that was sold to the contractor went into the building, was not at all conclusive, and the error in the admission of the hearsay testimony above referred to was cause for a new trial.

5. The ground of the motion for new trial complaining of the admission of two letters of given dates, written by the contractor to the plaintiffs, was not well taken, for the reason that neither the letters nor the substance of their contents were set forth in the motion.

6. There was evidence tending to show that the contract between the contractor and the owners for the erection of the building had been carried to another State by the contractor and was there in his possession at

the time of the trial; therefore it was not error to admit parol evidence, offered by the plaintiffs, as to the terms of the instrument.

7. There is a recital in the bill of exceptions that a demurrer to the petition "came on for a hearing on the —————day of————— 19——, and after. argument on the same it was overruled;" that plaintiffs in error presented to the judge exceptions pendente lite to such ruling, which were duly certified and ordered filed as part of the proceedings in the case; that such exceptions pendente lite were recorded on the minutes of the court as provided by law; and that error is assigned upon such exceptions pendente lite. Counsel for plaintiffs in error in this court suggested a diminution of the record, in that it did not contain the exceptions pendente lite; whereupon this court ordered the clerk of the trial court to send up a certified copy of the exceptions pendente lite. In response to such order the clerk certified that no exceptions pendente lite were on file in his office, that he had no recollection that any were ever filed therein, and that there is no record of any exceptions pendente lite in the case in his office. It appears from the record that the case was tried in the superior court on March 23, 1911, and that the motion for new trial was heard on December 15, 1911. The bill of exceptions was certified on December 27 thereafter. It follows that in the absence of exceptions pendente lite, duly filed and preserving the point as to the overruling of the demurrer to the petition, the assignment of error on that point in the bill of exceptions came too late; and accordingly, this court can not decide whether the trial judge erred in overruling the demurrer.

*Judgment reversed. All the Justices concur.*

EVANS, P. J., and LUMPKIN, J., dissent from the proposition stated in the third headnote. They think that the assignment of error upon the charge therein quoted is sufficient to raise a question for decision by this court, and that it is error to decline to pass upon it.

OCTOBER 17, 1912.

Complaint. Before Judge Edwards. Douglas superior court. December 15, 1911.

*J. H. McLarty* and *J. S. James,* for plaintiffs in error.
*W. T. Roberts* and *J. R. Hutcheson,* contra.