### 4827.  LYON *v.* CEDARTOWN LUMBER CO.

HILL, C. J.  1. Where materials are furnished for the improvement of real estate, upon the employment of a contractor, and it appears that there was one contract between the contractor and the owner for the improvement of the real estate, which consisted of two separate and distinct pieces of property, the improvements to be made at the same time upon both pieces of property and covered by the one contract, upon a compliance with the Civil Code (1910), §§ 3352, 3353, a lien would attach upon both pieces of property; and if the lien was duly filed and recorded as prescribed by § 3353, supra, within three months from the time the last item was furnished on the contract, it would be immaterial as to whether the last item referred to material furnished for the one piece of property or the other. *New Ebenezer Asso.* v. *Gress Lumber Co.*, 89 *Ga.* 125 (14 S. E. 892).

2. The other questions of law made in the record are fully controlled by the decisions of the Supreme Court in *Green* v. *Farrar Lumber Co.*, 119 *Ga.* 30 (46 S. E. 62), and *Prince* v. *Neal-Millard Co.*, 124 *Ga.* 884 (53 S. E. 761, 4 Ann. Cas. 615).

3. The charge fully, fairly, 'and correctly presented the law applicable to the evidence; and the excerpts are without error, when considered in connection with the entire charge. The evidence fully supports the verdict, and no error of law appears.          *Judgment affirmed.*
                    DECIDED SEPTEMBER 17, 1913.

Foreclosure of lien; from city court of Polk county—Judge Irwin. March 14, 1913.

*John K. Davis, William W. Mundy,* for plaintiff in error.
*John L. Tison,* contra.