8049. HAWKINSVILLE & WESTERN RAILROAD CO. *v.* BECKHAM.

JENKINS, J. 1. In a contractor's suit against a railroad company, to foreclose a lien for work done in building a portion of the railroad, it was alleged: that under a contract for the grading of a certain section

of the road, entered into on August 12, 1911, the defendant was indebted to the plaintiff in the sum of $5,405.42, and that under a contract made April 2d, 1913, for laying the track on that portion of the road, the defendant was indebted to the plaintiff in the sum of $4,179.50; that on January 22, 1914, and on January 26, 1914, the plaintiff recorded in Houston and Pulaski counties his lien as follows: "E. M. Beckham, a contractor, claims a lien on the Hawkinsville & Western Railroad Company, extending from the town of Hawkinsville, in the county of Pulaski, to the town of Perry, in the county of Houston, together with the right of way, franchise, road-bed, track, and ties, for grading, laying ties and rail, and general construction of said railroad in building the same, in the sum of $8,097.59. That said work being completed within the last three (3) months. This January 17th, 1914. E. M. Beckham. Executed in presence of L. D. Moore. Notary Public Bibb County, Ga. Recorded in Houston county, January 22d, 1914. Recorded in Pulaski county, January 26th, 1914." By amendment to the suit it was set up that so much of the amount sued for as applied to the grading of the said road had been settled and was no longer an issue to be determined by the court and jury, and that the only lien which the plaintiff sought to foreclose pertained to the laying of the track, in the amount named, as set forth in one of the paragraphs of the petition. *Held*, that the claim of lien, as recorded, seeking to set up under one claim the amounts due under the two contracts relative to the same general undertaking, where a lien for each was authorized by the statute, did not render the petition subject to demurrer, where it was therein declared what part had been due under each of the contracts, and what amount was then claimed under the latter agreement. *Cariter* v. *Rome & Carrollton Construction Co.*, 89 *Ga.* 158 (2) (15 S. E. 36); *Loudon* v. *Coleman*, 59 *Ga.* 653 (3); *Hillburn* v. *O'Barr*, 19 *Ga.* 591. Nor did the fact that the claim of lien was not attested in accordance with the registry act for deeds and mortgages to realty render it invalid. *Jones* v. *Kern*, 101 *Ga.* 309 (28 S. E. 850); *Calhoun Brick Co.* v. *Pattillo Lumber Co.*, 10 *Ga. App.* 181 (73 S. E. 23).

2. Under the foregoing ruling, there was no error in allowing the recorded claim of lien to be admitted in evidence. Nor would the fact that the claim of lien did not specify the particular portion of the road upon which the work was done, or the date on which the work was completed, render it invalid. *Arnold* v. *Farmers Exchange*, 123 *Ga.* 731 (51 S. E. 754); *Ford* v. *Wilson*, 85 *Ga.* 109 (11 S. E. 559); *Broxton Artificial Stone Works* v. *Jowers*, 4 *Ga. App.* 91 (60 S. E. 1012).

3. Under the particular facts of the case, there was no error in admitting in evidence the transcript of the "force account," taken from the original books of entry then in existence, where it appeared that the identical memoranda had been submitted to the defendant and the corrections were made and entered by it thereon.

4. The court, in the charge to the jury, fairly submitted to them the question as to whether the plaintiff had transferred to another his contract with the defendant, although it appears that the evidence for the

defendant might not have been such as to require the submission of such an issue. It was, therefore, not error to charge that if the plaintiff was entitled to recover, he would be entitled to the lien as claimed.

5. The evidence authorized the verdict; and, there being no material error of law, it will not be disturbed.

       *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
           DECIDED JUNE 29, 1917.

Foreclosure of lien; from Houston superior court—Judge Mathews. June 23, 1916.

   *J. H. Hall, H. E. Coates, Duncan & Nunn,* for plaintiff in error.
   *L. D. Moore,* contra.