## TOWN OF ADEL *et al. v.* LITTLEFIELD.

1. Where the plaintiff in a money judgment against a municipality filed an application for a writ of mandamus against the municipal authorities to compel them to pay off and discharge the judgment, alleging that

the municipality had on hand an amount of money largely in excess of the amount of the judgment, and that the town authorities could levy a tax to raise money with which to pay off the judgment, and the municipality met these allegations by a denial that it had on hand funds with which to pay off and discharge the judgment, alleging that all funds on hand could be applied only to certain other stated purposes; and where the judge, upon the hearing of the application and the response, granted a mandamus absolute, requiring that the town authorities pay the amount of the judgment, this was an adjudication that the town authorities did have on hand the necessary funds; and this judgment was binding upon the town authorities, and a failure to comply with the order in the mandamus absolute rendered the respondents liable to be attached for contempt.

2. Where a judgment was rendered for the plaintiff against the defendant in a suit, and the losing party made a motion for a new trial, which was afterwards dismissed by the court because of want of prosecution and of failure to file a brief of evidence in accordance with the order taken in term time, if this order was improvidently or improperly granted or was based upon grounds which did not exist, the movant, upon learning of its passage, should promptly have moved to vacate it or set it aside, and, upon refusal of the motion to vacate, should have excepted thereto; or if the motion to vacate was improperly dismissed, he should have excepted to that, and upon such exception he could have had the question determined upon review.

No. 1501. FEBRUARY 13, 1920.

Attachment for contempt. Before Judge Thomas. Cook superior court. May 28, 1919.

In July, 1916, J. J. Littlefield filed suit against the Town of Adel, and on the trial of the case in November, 1917, obtained a judgment for a stated sum of money against the defendant. The latter filed a motion for a new trial on November 21, 1917, and the motion was set for a hearing on the second Monday in January following. This hearing was continued from time to time. An order was taken in term allowing completion of the motion and brief of the evidence at or before the hearing. The motion was finally set down for hearing May 19, 1918, and was then by order of the judge dismissed for want of prosecution, no brief of evidence having been filed. On June 6, 1918, the plaintiff's counsel made a demand on the municipal authorities for payment of the amount due on the judgment. On July 26, 1918, a motion was filed in the same court, to set aside the verdict and the judgment entered in the preceding November. Two months later this motion to set aside the verdict and judgment was dismissed. On June 8, 1918,

on an application for mandamus against the mayor and council of the municipality, a mandamus nisi was issued. In answer the respondents averred, that they had no funds which would be subject to such judgment and execution, even if they were legal and valid, which they denied; that such funds as they had on hand were not subject this common-law judgment, as they had been collected for the purpose of paying off bonded indebtedness, for school purposes, and from the levy of a street tax. After a hearing a mandamus absolute was granted, requiring the town authorities to pay the amount of the judgment. Upon failure and refusal of the town to pay in accordance with the mandamus absolute, a petition for attachment for contempt was brought against the mayor of the town, the councilmen, and the secretary and treasurer. A rule nisi was issued upon this petition, and an answer was filed, which consisted in part of the allegations of fact set forth above.

*J. P. Knight,* for plaintiffs in error. *R. A. Hendricks,* contra.

BECK, P. J. (After stating the foregoing facts.) The judgment granting a mandamus absolute against the Town of Adel and the municipal authorities, which was rendered September 25, 1918, stands unreversed, and is binding upon the municipality. A writ of error containing exceptions to that judgment was sued out, and the question brought here for review. But the writ of error was dismissed. *Town of Adel* v. *Littlefield,* 149 *Ga.* 56 (99 S. E. 38). Counsel for the plaintiffs in error refers to the fact that the judgment granting the mandamus absolute was not affirmed; but the dismissal of the writ of error, as stated, had the same effect, relatively to the mandamus absolute, as a judgment of affirmance would have had. In the application for mandamus the prayer was that the municipality be required to pay the judgment, alleging that it had ten thousand dollars or other large sum on hand; but in the application it is also pointed out that if the defendant has not sufficient funds in hand with which to discharge the judgment and execution, the plaintiff is entitled to have the Town of Adel levy a tax sufficient to pay off the judgment and the execution founded thereon. After considering the evidence submitted at the hearing for mandamus, the court did not grant an order containing the alternative of paying off the judgment out of funds on hand or of levying a tax to raise the money for the purpose of discharging the judgment, but directed and commanded

the municipal authorities to pay the judgment. The question as to whether the town had the funds in hand to pay this was an issue before the judge at the hearing of the application for mandamus; and his judgment ordering the payment, instead of a judgment ordering the levy of a tax with which to raise the necessary money, adjudicated the question as to whether or not the town had the funds with which to meet the judgment, and decided that question against the contention of the defendants. Whether the judge found erroneously, under the facts submitted, that the town did have the necessary funds, is not before us. The judgment was conclusive upon that question. But, looking into the record, we can well understand that the judge might have held that general statements in the evidence and pleadings of the defendants, that the money which they had on hand was subject to a bonded debt and could only be used for certain other stated purposes, were not sufficient; that the respondents in the mandamus proceedings should have shown precisely or approximately the sum they had on hand, how much was then due on the bonded debt, how much would be appropriated to the school fund, and how much was raised from street taxes. But whether the showing of the municipality upon these questions was sufficiently definite or not, that question was settled by the judgment granting the mandamus absolute, and the failure to file a proper bill of exceptions to that judgment left it to stand, and so far as this record shows it is still standing and is of full force and effect. But counsel for plaintiffs in error insists that at the time the mandamus absolute was granted there was pending a motion to set aside the original verdict in the case and the judgment founded thereon. One motion of this character had been made and dismissed by the court, and another had been made, and it was the second motion to set aside the verdict and judgment that was pending when the mandamus absolute was granted. We do not think these motions to set aside can avail anything. They had properly made a motion for a new trial soon after the rendition of the verdict in the case. That had been dismissed for want of prosecution. The conduct of the judge in dismissing it had been attacked. But if that order dismissing the motion for a new trial was improvidently or improperly granted, the defendant should have attacked that, asking that the order dismissing the motion for a new trial be itself set aside and that

the motion be heard upon its merits; and if the court had refused to vacate or set aside the judgment dismissing the original motion for a new trial; his refusal to vacate or set aside that judgment could have been made the subject of a writ of error to this court; and if the grounds upon which the motion to vacate was based were justifiable in their character, they could have been examined by a reviewing court and a judgment had upon review, according to the merits of the question. But the judgment for mandamus absolute, as we have pointed out above, stands. It was a judgment rendered by a court of competent jurisdiction; and it was not sufficiently met by a renewal of the statements upon the part of the town authorities that they did not have the funds on hand, or, if they had the funds, they were not subject to this judgment. There was no question as to whether or not they had funds in their hands, so as to make an issue of fact which would require submission to a jury. The mandamus absolute settles the question as to whether they had the funds or not, and a refusal to obey that judgment rendered the respondents in the contempt proceedings liable to punishment for contempt for refusal to obey the mandamus absolute according to its terms. The judgment in the contempt proceedings was that the town authorities pay the money or be attached for contempt; and the court did not err as against the plaintiffs in error in rendering that judgment.

*Judgment affirmed. All the Justices concur.*