### 13406. PIPPIN v. OWENS.

STEPHENS, J. 1. Where material furnished by a materialman for the improvement of real estate is charged on open account, a lien for it recorded by the materialman within three months from the furnishing of the last item of material charged upon the open account is recorded within three months from the completion of the contract, and therefore within the statutory period required under Civil Code (1910), § 3353. *Stewart*

v. *Randall*, 138 *Ga.* 796 (2) (76 S. E. 352); *New Ebenezer &c. Asso.* v. *Gress Lumber Co.*, 89 *Ga.* 125 (14 S. E. 892).

2. Although the items unpaid for and for which the materialman claims a lien were all furnished more than three months prior to the recording of the lien, and all the other items, including those representing material furnished within three months of the recording of the lien, had been paid for, the fact still remains that the lien thus recorded was recorded within three months from the furnishing of the last item charged upon the account, and therefore within three months of the completion of the contract.

3. The taking by the materialman of a promissory note from the person to whom the material was furnished, for the amount due and unpaid on the open account and for which the lien is asserted, is not, in the absence of an express agreement, an extinguishment of the account or the materialman's right to a lien for the indebtedness represented by the note. The materialman, therefore, may nevertheless assert his lien for the unpaid amount of the material furnished and represented in the note, provided the lien is recorded as above indicated. *Belmont Farm* v. *Dobbs Hardware Co.*, 124 *Ga.* 827 (53 S. E. 312).

4. This being a suit by the materialman to foreclose a lien upon certain real estate of the defendant for material furnished by the plaintiff for the improvement of certain real estate of the defendant, and it appearing that the material was furnished upon open account, and went to improve the real estate upon which the lien is asserted, and the evidence authorizing the inference that other material furnished by the plaintiff to the defendant, which had been paid for, went to the improvement of the same real estate, and was furnished on the same open account within three months of the recording of the lien, it was error for the court to direct a verdict against the plaintiff's right to a lien.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1923.

Foreclosure of lien from city court of Waynesboro — Judge W. H. Davis. January 23, 1922.

*H. C. Hatcher*, for plaintiff.

*C. B. Garlick, Callaway & Heard*, for defendant.