17776. CLAY *et al. v.* AUSTELL SCHOOL DISTRICT.

BELL, J. 1. An assignment of error, "complaining of the admission of documentary evidence over stated objections, which does not set forth the document in form or substance, is incomplete, and fails to set forth any question for decision. *Stewart* v. *Bank,* 100 *Ga.* 496 (2), 501 (28 S. E. 249); *Stewart* v. *Randall,* 138 *Ga.* 796 (5), 797 (76 S. E. 352)."

Appeal and Error, 3 C. J. p. 1370, n. 34; 4 C. J. p. 414, n. 71; p. 535, n. 99; p. 969, n. 56.

Schools and School Districts, 35 Cyc. p. 990, n. 86; p. 998, n. 61 New,

*Callaway* v. *Beauchamp*, 140 *Ga.* 207 (2) (78 S. E. 846); *McCollum* v. *Thomason*, 32 *Ga. App.* 160 (8) (122 S. E. 800). A statement in a bill of exceptions that the court erred in admitting in evidence an affidavit to prove a certain fact is a statement of the purpose for which the affidavit was offered and admitted in evidence, and not of the contents of the affidavit. Measured by these rulings, assignments of error 1, 2, 3, and 4 failed to show cause for reversal of the judgment of the trial court, irrespective of whether in a proceeding to validate bonds, such as this, it is proper to admit evidence in the form of affidavits, over objection that the complaining party is thus deprived of the right of cross-examining the witness whose evidence is produced in such form.

2. This being a proceeding to validate bonds in a school district, the answer as made by the trustees to the petition of the solicitor-general was admitted in evidence over the objections of the plaintiffs in error, who were intervenors, that the answer was not sworn to, "and was not a legally sufficient answer as required by statute, and . . that no evidence of this kind can be admitted except under proper oath or certificate." It appears from the record that such answer of the trustees was offered and admitted solely for the purpose of showing that the solicitor-general had filed his proceeding to validate the bonds, and that the school district had made its answer. The court, in admitting the answer in evidence, specifically ruled that admissions contained therein would not be binding upon the objectors. *Held:* Assuming that the court erred in admitting the answer in evidence, the objectors were not harmed by the ruling. See, in this connection, *Stapleton* v. *State*, 19 *Ga. App.* 36 (7) (90 S. E. 1029).

3. Assuming also that the court erred in refusing to permit the intervenors to prove that certain persons who voted in the election were ineligible for reasons variously and respectively stated, errors in excluding evidence of this nature do not require a reversal of the judgment of validation, in the absence of anything to show whether any of such persons voted in favor of bonds, and that the result of the election would have been different with the votes of such persons eliminated. *Cole* v. *McLendon*, 109 *Ga.* 183 (1) (34 S. E. 384); *Lowrey* v. *Cheatham*, 131 *Ga.* 320 (2) (62 S. E. 226). Under the above principle, there is no merit in the 6th, 7th, 8th, or 9th assignment of error.

4. In this case there has been no bona fide effort to comply with the requirement of the Civil Code (1910), § 6093, with reference to what should be contained in a brief of evidence, and this court will not undertake to determine any question the decision of which is dependent upon a consideration of the so-called brief of evidence annexed to the bill of exceptions. This ruling applies to assignments of error 10 to 19, inclusive. *Ingram* v. *Clarke*, 96 *Ga.* 777 (22 S. E. 334); *Tidwell* v. *Ala. Great Southern R. Co.*, 20 *Ga. App.* 826 (93 S. E. 511); *Bishop* v. *Brown*, 138 *Ga.* 738 (75 S. E. 1119); *Crumbley* v. *Brooke*, 135 *Ga.* 723 (2) (70 S. E. 655); *American Nat. Ins. Co.* v. *Lee*, 145 *Ga.* 797 (89 S. E. 836).

5. It is not shown that any material or prejudicial error was committed.

    *Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

    DECIDED JANUARY 24, 1927.

Validation of school-district bonds; from Cobb superior court—Judge Humphries presiding. August 20, 1926.

*H. B. Moss,* for plaintiffs in error.

*George D. Anderson, solicitor-general, Morris, Hawkins & Wallace,* contra.