26747. WILSON *v.* THE STATE.

DECIDED APRIL 19, 1938.

*Whaley & Rawlins,* for plaintiff in error.
*Stanley A. Reese, solicitor,* contra.

MacINTYRE, J. 1. There having been no attempt whatever to brief or make a brief of evidence as the law requires (Code, § 70-305), but the document purporting to be such a brief consisting of a full stenographic report of the testimony, containing all the questions to the witnesses and their answers, and being in total disregard of the requirement of the said Code section, the court will not examine the same for the purpose of determining whether or not the verdict is supported by the evidence. *Augusta Southern R. Co.* v. *Williams,* 99 *Ga.* 75 (24 S. E. 852).

2. The jury having deliberated about two hours were brought into court and asked by the judge to outline their desires with reference to a further charge. The foreman said, "We desire, your honor, that you inform us if there is any difference between negligence and carelessness;" to which query the court said, "There is no difference, they mean all and the same thing." Movant contends that this charge on negligence, or the difference between negligence and carelessness, was error for the following reasons: "That the charge as made is not true with reference to criminal cases or criminal negligence, for the reason that in criminal cases a greater degree in negligence is required, and the court should have fully charged the jury in this respect." We can not tell, without looking to the evidence, whether there was any evidence to support a charge on negligence or carelessness, or either or both of them, and are therefore unable to say whether or not the remarks of the trial judge were hurtful or harmful error.

3. Another special ground was that the court committed error, in the absence of a timely written request, in failing to charge the jury on the law of accident and misfortune, however, without looking to the evidence we are unable to say whether or not the evidence warranted such a charge.

4. It thus appearing that the legal questions presented by the motion for new trial can not be properly determined without reference to the evidence, this court will not undertake to determine any question the decision of which depends upon the so-called brief of evidence annexed to the bill of exceptions. *Clay* v. *Austell School District*, 36 *Ga. App.* 354 (4) (136 S. E. 540); *Jones* v. *Knightstown Body Co.*, 52 *Ga. App.* 667 (184 S. E. 427); *Robinson* v. *State*, 17 *Ga. App.* 375 (86 S. E. 1072); *Stapleton* v. *Union Central Life Ins. Co.*, 183 *Ga.* 117 (187 S. E. 631); *Whitaker* v. *State*, 138 *Ga.* 139 (75 S. E. 254).

> *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*