27993.   CRANE COMPANY *v.* HIRSCH *et al.*

DECIDED FEBRUARY 5, 1940.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff. *Albert E. Mayer,* for defendants.

FELTON, J.   Mrs. Tillie Hirsch, executrix of the will of J. N. Hirsch, deceased, leased certain premises to Remington-Rand Inc., by the terms of which the lessor agreed to install certain heating

equipment in the building, but was to make no other repairs or improvements. On September 10, 1934, Harold D. Hirsch, acting as agent for the Hirsch estate, entered into a written contract with DeKalb Plumbing and Heating Company, by the provisions of which that company was to install certain heating equipment as specified in the contract for the sum of $745. Thereafter DeKalb Plumbing and Heating Company negotiated with Crane Company, the plaintiff in error, for the furnishing of the materials required for the installation of the heating equipment called for by the contract between the DeKalb Plumbing and Heating Company and the Hirsch estate. After the completion of the contract for the installation of the heating equipment, and after the tenants had moved into the building, the manager of the lessee, without the knowledge of lessors or any of their agents, requested the DeKalb Plumbing and Heating Company to make certain minor plumbing repairs, including the furnishing of a top to be placed on a toilet tank. The last delivery of material under the heating contract was made on November 7, 1934, and the toilet tank top was delivered on November 14, 1934. Upon completion of the heating contract and the repairs to the plumbing, the DeKalb Plumbing and Heating Company submitted two bills, one covering the heating contract and one covering the repairs to the plumbing, both of which were paid by one check issued by the Hirsch estate, which constituted a ratification of the plumbing contract. In order to collect for the materials furnished to the DeKalb Plumbing and Heating Company, the Crane Company filed its lien on the improved property. The lien was filed more than ninety days after the delivery of the last article on the heating contract, but within ninety days from the delivery of the tank top.

Where certain parties owning a life-estate in real property, who, for the purposes of this decision are assumed to have the required authority, entered into an express contract with a plumbing and heating company for the furnishing and installing of certain heating equipment on their real estate, a purported lien filed by a materialman more than three months after the delivery of the last item furnished to the contractor for work done under the contract was not filed in time to perfect the lien against the property involved. Such a lien must be filed within three months from the date the last item was furnished under the particular contract for

the purposes of which the material is furnished. Thus, if an owner of real estate makes an express contract with a contractor for heating equipment, and before the work is finished makes a separate and distinct contract for plumbing, the items furnished under each are separate and distinct, and the delivery dates under one contract may not be used for the purpose of perfecting a lien under the other. Aliter, if all the material were furnished under one and the same contract. *Lyon* v. *Cedartown Lumber Co.*, 13 *Ga. App.* 450 (79 S. E. 236) ; *Stewart* v. *Randall*, 138 *Ga.* 796 (76 S. E. 352) ; Code § 67-2001. A contract by one without authority, ratified by the person for whose benefit it was made, dates from the time the agent made it; but it is a separate and distinct contract and derives its efficacy and legal effect from the ratified act of the agent, and can not be said to be a part of another binding contract. Otherwise, ratification would not be necessary. The situation is the same as if the owners had entered into a new contract with reference to the plumbing. So, in this case, where the tenant made a contract for the plumbing, the ratification thereof by the owner did not make the plumbing contract a part of the heating contract. We do not agree with the plaintiff in error in the contention that the *contract* referred to in the authorities cited means a contract between the contractor and the materialman. The right of the materialman to a lien is necessarily based on a contract between the owner and the contractor. *Williams* v. *Brewton*, 170 *Ga.* 164 (152 S. E. 441). To hold otherwise would be to hold that a materialman would be entitled to a lien when the owner had no agreement with the contractor that his property be improved. The cases cited by the plaintiff in error (*Calhoun Brick Co.* v. *Pattillo Lumber Co.*, 10 *Ga. App.* 181, 73 S. E. 23; *Pippin* v. *Owens*, 29 *Ga. App.* 789, 116 S. E. 549; *McClusky* v. *Still*, 32 *Ga. App.* 641, 124 S. E. 548) are not authority for the contention. It follows that the delivery date of an article under the plumbing contract could not be used to determine the time when the lien for the heating material should be filed. The court correctly ruled that the lien was filed too late as to the heating fixtures, and in time as to the toilet tank top, which was furnished under the plumbing contract. It was not error to overrule the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*