47898. SOUTHWIRE COMPANY et al. v. METAL EQUIPMENT COMPANY.

PANNELL, Judge. This case is an appeal from the grant of a summary judgment in favor of the lien claimant and against the defendants for materials furnished to a subcontractor for the improvement of real estate in the amount of $22,921.07. *Held:*

The record shows service of a motion and rule nisi for summary judgment by plaintiff upon defendant's attorney. The record further shows a stipulation of facts to be used on the hearing. The claim, made for the first time in this court, that the copies served upon the defendants' attorney were not filled in as to the time of hearing and for that reason defendants' attorney was not notified of the time of hearing, is not supported by the record and will not be passed upon in this court. See also, *Town of Adel v. Littlefield,* 149 Ga. 812 (2) (102 SE 433).

2. No affidavit is required to file or foreclose a lien against real estate under Code §§ 67-2002 and 67-2301. The case of *Murphy v. Fuller,* 96 Ga. App. 403 (3) (100 SE2d 137) does not hold to the contrary, nor does *Broxton Artificial Stone Works v. Jowers,* 4 Ga. App. 91 (60 SE 1012). The case of *Tallman v. Southern Motor Exchange,* 97 Ga. App. 565 (103 SE2d 640) was a foreclosure on personalty under Code §§ 67-2003 and 67-2401, which latter Section, in Par. 3 thereof, requires an affidavit of foreclosure; and that case, therefore, has no application here.

3. Code § 67-2002 (2) providing for the filing for record of a claim of lien against real estate contains a form for such claim. While it requires the name of the claimant to appear, it requires no signature. In *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.,* 96 Ga. App. 219 (99 SE2d 545), relied upon by appellants, a recorded claim of lien, which recited "the undersigned, Dewel L. Stevens, Jr., an officer of Latham Plumbing & Heating Company" (emphasis supplied) claims a lien, etc., and which was signed "Dewey L. Stevens, Jr." below which appeared "Officer of Latham Plumbing & Heating Company" was, because of the signature which was identical with the recitation in the body, held not to be signed by Latham Plumbing & Heating Company, and therefore, asserted no claim of lien by it. This decision is not

a holding that a signature is required as a matter of law. The case of *Broxton Artificial Stone Works v. Jowers,* 4 Ga. App. 91, supra, rather than being the contrary of what we here rule, is in accord therewith. The claim of lien in that case recited "the undersigned Broxton Artificial Stone Works, C. A. Tyler, Agent, claims a lien" etc. It was signed "C. A. Tyler." This court held: "(2) The claim of lien is made by the Broxton Artificial Stone Works, and the words 'C. A. Tyler, Agent,' contained in the claim of lien, and the signature 'C. A. Tyler,' attached to the claim of lien, are *surplusage."* (Emphasis supplied).

4. The real estate is described as the premises upon which the buildings and tanks were erected; described as "lying and being in the City of Carrollton, and being in the south half of land lot No. 251, 5th District, Carroll County, Georgia, and being the land upon which is constructed and erected the following buildings and tanks to wit."; then follows a description of the buildings and tanks. This description was sufficient. *Broxton Artificial Stone Works v. Jowers,* 4 Ga. App. 91, supra; *Hawkinsville & W. R. Co. v. Beckam,* 20 Ga. App. 431 (2) (93 SE 109); *Love v. Hockenhull,* 91 Ga. App. 877 (87 SE2d 352).

5. The action asserting the lien was not defective because it was neither alleged nor shown that no personal security was taken by the plaintiff-claimant. The taking of personal security does not constitute a waiver of the lien given *materialmen* under Code § 67-2001. *Chicago Building &c. Co. v. Talbotton Creamery & Mfg. Co.,* 106 Ga. 84 (3) (31 SE 809) and *Allen v. Arrow Contracting Co.,* 110 Ga. App. 369 (4) (138 SE2d 600) in which *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.,* 96 Ga. App. 219, supra, holding such an allegation necessary, was in effect overruled, and *Royal v. McPhail,* 97 Ga. 457 (25 SE 512) was distinguished.

6. The parties stipulated "that plaintiff's materialman's lien was duly recorded on October 12, 1971" and "that the last lienable materials placed by plaintiff upon defendant property occurred on or about September 9, 1971, and that such materials consisted of paint, solvent and coating," and further stipulated that such materials were an integral part of the original contract between the contractor and the subcontractor, which materials were furnished by plaintiff when plaintiff completed the subcontractor's contract some several months after furnishing metal for the tanks when the subcontractor got in financial difficulties. Under these circumstances the stipulated facts showed the claim of lien was recorded within the time required

by statute, three months after the last material was furnished. Code § 67-2002 (2); *Pippin v. Owens,* 29 Ga. App. 789 (1) (116 SE 549). The case of *Crane Co. v. Hirsch,* 61 Ga. App. 632 (7 SE2d 83) relied on by appellants was one in which materials were furnished to a plumbing contractor on two separate contracts. First, one with the owner for a heating installation, and after that was completed, one with a lessee for certain plumbing repairs. This court held that the delivery time for the last materials furnished the plumber under the second contract, could not be used as the time of delivery of the last materials under the first contract, and that the recording of the lien for materials under the first contract came too late. That case has no application here.

7. In answer to the allegation of plaintiff's complaint that it was entitled to a lien in the full sum of $22,921.07 for furnishing materials used in the construction and erection of the improvements, the defendants, in their answer denied "that plaintiff is entitled to a lien in any amount." Apparently, in stipulating the facts on motion for summary judgment, there was some dispute as to whether the pleadings made an issue as to the amount of the lien. The stipulation reads as follows: "It is stipulated that plaintiff furnished materials used for the improvement of defendants' real estate, as described in plaintiff's petition. Plaintiff maintains that no issue as to amount is raised by the pleadings; however, if the court finds same is controverted, then and in that event, the parties stipulate the fair market value of the materials furnished is and was Nineteen thousand seven hundred forty and no/100 Dollars ($19,740.00)." The lower court rendered a summary judgment for the amount sued for, making an express finding that the sum sued for was the value of the materials furnished. The defendants enumerated error stating that the lower court "erred in that the amount of the judgment was greater than the stipulated fair market value of the materials furnished by appellee for the improvement of appellant's real estate."

As we construe the stipulation, it applies only in the event the trial judge finds the amount alleged in the complaint is controverted by the pleadings. The trial judge made no such finding and he apparently found to the contrary when he found the fair market value of the materials furnished was $22,921.07, the amount sued for. However, it appearing there was no evidence produced as to the market value of the materials furnished and the burden

being upon the plaintiff as the movant for summary judgment to prove the value of the materials furnished, we must hold the trial court erred in finding such amount as was found in the absence of evidence in support thereof, unless the pleadings show that the amount of the lien was admitted. As we construe the denial to the allegations of the petition, the denial that plaintiff was entitled to a lien in any amount means plaintiff was not entitled to a lien in the amount sued for or any other amount, and that under these circumstance the amount of the lien was controverted.

8. We therefore, under the rulings above, affirm the trial judge in granting the summary judgment upholding the validity of the lien, but reverse him in granting the summary judgment in the amount found and remand the case to the trial court for further and proper determination as to this feature of the case.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED APRIL 17, 1973 — REHEARING DENIED MAY 9, 1973 — ▮▮▮▮▮▮▮▮▮

*Van C. Wilks, Donnie R. Sloan, Jr.,* for appellants.
*Howe, Howe & Sutton, Donald B. Howe, Jr., E. B. Jones, Jr.,* for appellee.