49453. NEW LONDON SQUARE, LTD. v. DIAMOND
ELECTRIC & SUPPLY CORPORATION.

DEEN, Judge.

The appellee corporation, by its president, filed a materialman's claim of lien dated November 30, 1972 and recorded in the Cobb County Superior Court clerk's office on December 5. This was followed by a foreclosure suit, in which the appellant owner moved for summary judgment on the ground that the lien claim, not having been attested, was not entitled to record and therefore void. It appeals from the denial of summary judgment.

We are called on to construe Code Ann. § 29-405 to decide whether the words "or other registrable instrument" include a materialman's claim of lien. The section reads in part: "To authorize the record of any deed, whether a deed to realty or personalty, or of a mortgage, bond for title or other registrable instrument, if executed in this State, it must be attested or acknowledged as hereinafter provided." (E.g., as in Code § 29-406, by a judge, notary public, etc.). The 1910 Code and previous codes do not contain this phrase, but begin simply: "In order to authorize the record of a deed to realty or personalty, if executed in this State. . ." We find the language introduced by Ga. L. 1924, p. 83, the caption of which reads: "An act to provide that city courts created by Act of General Assembly of the State of Georgia shall be courts of record and that deeds, mortgages, bonds for title, and other registrable instruments witnessed by the judge, clerk or deputy clerk of city courts shall be entitled to record." It was incorporated in the 1933 Code and of course now refers to superior courts as well as city courts of statutory origin, but the purpose of the Act is obviously to enlarge the jurisdiction of such courts, not to change the requirements for the type of instrument entitled to registration. At the time of its passage, and since 1876, mortgages to be entitled to record were required to be

attested, Code § 67-105. In 1921 (Ga. L. 1921, pp. 157, 158) Code § 29-418 added to the list of instruments required to be executed with the formality of deeds "every bond for title, bond to reconvey realty, contract to sell or to convey realty, or any interest therein, and every transfer or assignment of any such instruments." The logical construction of the words "other registrable instruments" in Code Ann. § 29-405 is thus the ejusdem generis explanation that it means deeds and other instruments required by law to be executed with the formality of deeds. This construction is strengthened by the fact that in 1963 (Ga. L. 1963, p. 212) the code section was referred to simply as "Code section 29-405, relating to the requirements for attestation or acknowledgment of deeds for record." A materialman's lien prior to foreclosure does not involve an interest in land in the way that a bond for title or a contract to sell involves the question of title. "Other registrable instruments" must be held to be restricted, in the absence of any finding of statutory purpose to enlarge it, to situations where deeds or instruments otherwise required by statute to be attested in the manner of deeds are involved.

If we are correct that the Act of 1924 was not directed toward a change in the type of instrument to be recorded but rather to the courts where this might be done, then *Broxton Artificial Stoneworks v. Jowers,* 4 Ga. App. 91 (60 SE 1012) would be controlling. This case held that it was not necessary for the party claiming the lien to *sign* it, from which it follows that the signature need not be attested. This opinion was followed in *Southwire Co. v. Metal Equipment Co.,* 129 Ga. App. 49 (2) (198 SE2d 687), written in 1973 and again stating that the signature was surplusage. Code Ann. § 67-2002 (2) setting out the statutory form of a claim for lien to allow it to be filed for record does not mention signature or attestation, and has been on the books since its appearance in the Code of 1873.

We conclude that failure to have the signature of the claimant attested prior to recordation does not affect the viability of the lien, and that the trial court properly denied the motion for summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 26, 1974 — DECIDED JULY 5, 1974 — REHEARING DENIED JULY 17, 1974 —

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellant.

*Custer, Smith & Manning, Donald D. Smith, Tindall & Tindall, Joseph D. Tindall, Jr.,* for appellee.