## 57764. LOWE'S OF SAVANNAH, INC. v. JARRELL.

QUILLIAN, Presiding Judge.

The plaintiff sought to foreclose a materialman's lien. The defendant's motion for summary judgment was granted and the plaintiff's petition was dismissed. This appeal followed. *Held:*

Code Ann. § 67-2002 (2) (Code § 67-2002 (2), as amended through Ga. L. 1977, p. 675) sets forth the form for a lien as follows: " 'A. B., a mechanic, contractor, subcontractor materialman, machinist, manufacturer, registered architect, registered land surveyor, registered professional engineer, or other person (as the case may be), claims a lien in the amount of (specify the amount claimed) on the house, factory, steam mill, machinery, or railroad (as the case may be), and the premises or real estate on which it is erected, or built, of C. D. (describing the houses, premises, real estate, or railroad), for satisfaction of a claim which became due on (*specify the date the claim was due*) for building, repairing, improving, or furnishing material (or whatever the claim may be).' " (Emphasis supplied.) It is further provided: "The failure to specify both the amount claimed due under the lien and the date said claim was due shall result in such lien not constituting notice for any purpose."

The trial judge correctly applied the law by holding that "The portion of the lien upon which Plaintiff relies to satisfy the due date of the claim states the following: 'This lien is filed and recorded within ninety days after said materials and supplies were furnished by the undersigned.' Under the new law this declaration is not sufficient since lien laws are strictly construed. [*Shirah Contracting Co. v. Waite,* 143 Ga. App. 355 (238 SE2d 728).] The materialman must state the exact date the

claim is due. This Court has no alternative except to hold that the materialman's lien filed by Plaintiff which it now seeks to foreclose does not comply with the requirements of the aforesaid amended code section."

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED MAY 9, 1979 — DECIDED JUNE 5, 1979.

*A. Kenneth Williamson, J. Walter Cowart,* for appellant.

*Brannen, Wessels & Searcy, Frank P. Brannen,* for appellee.