## 59196. CHEROKEE CULVERT COMPANY, INC. v. GURIN et al.

SHULMAN, Judge.

On June 21, 1977, within three months of the date of delivery of the last item furnished to the contractor, appellant-materialman filed a claim of lien. Since the recorded claim of lien failed to specify the date the claim became due, summary judgment was granted against appellant-materialman. See Code Ann. § 67-2002 (2), as amended (Ga. L. 1977, p. 675, effective March 23, 1977), which, in superseding the pre-existing law, imposed an additional requirement that a valid claim of lien specify "the date said claim was due." See also *Lowe's of Savannah v. Jarrell*, 150 Ga. App. 220 (257 SE2d 341); *J. H. Morris Bldg. Supplies v. Brown*, 151 Ga. App. 522. On appeal, we affirm.

Appellant, observing that its claim of lien concerned certain materials ordered and furnished prior to the effective date of the law requiring that the claim of lien specify the date the claim was due, and submitting that as to these materials the claim of lien satisfied then existing statutory requirements, asserts that the court erred in holding its entire claim of lien invalid. See in this regard Ga. L. 1977, p. 675, §2, in effect, providing that the former requirements for the sufficiency of the notice of a claim of lien would be applicable to any obligation created prior to the effective date of the 1977 Act. This is not well taken.

1. The evidence submitted on summary judgment shows that as to materials ordered and furnished prior to March 23, 1977, the claim of lien on which appellant relies was not filed within three months of the last date of delivery. Thus, if appellant furnished these materials pursuant to a contract which was separate and distinct from any agreement to furnish materials occurring after the effective date of Ga. L. 1977, p. 675, then "the delivery dates under one contract may not be used for the purpose of perfecting a lien under the other." *Crane Co. v. Hirsch*, 61 Ga. App. 632, 634 (7 SE2d 83). Compare *Hawkinsville & W. R. Co. v. Beckham*, 20 Ga. App. 431 (1) (93 SE 109), where the two contracts which were the subject of a claim of lien were evaluated independently to establish

compliance with the lien law.

2. In opposition to the motion for summary judgment, appellant argued that the materials delivered prior to the effective date of Ga. L. 1977, p. 675, were furnished pursuant to a running account and that the claim of lien which was filed within three months of the delivery date of the last item of the running account was therefore timely. See, e.g., *Calhoun Brick Co. v. Patillo Lumber Co.,* 10 Ga. App. 181 (2) (73 SE 23); *Sears, Roebuck & Co. v. Superior Rigging &c. Co.,* 120 Ga. App. 412 (1) (170 SE2d 721). Under this theory, the items supplied were necessarily a part of one entire general contract. See A. E. Birk & Son Plumbing &c., Inc. v. Malan Const. Co., 548 SW2d 611 (Mo. App. 1977). Since the last item delivered under this entire contract was delivered after the effective date of Ga. L. 1977, p. 675, the obligation arising under the contract cannot be deemed an obligation created prior to the effective date of Ga. L. 1977, p. 675, and Code Ann. § 67-2002 (2), as amended, governed appellant's claim of lien. Appellant's failure to comply with § 67-2002 (2), as amended, was fatal as to its entire claim. Cf. generally *Downtowner of Atlanta, Inc. v. Dunham-Bush, Inc.,* 120 Ga. App. 342 (b) (170 SE2d 590), noting that a claim of lien as to a running account is invalid where the last item forming the basis of the claimed running account is not subject to a claim of lien.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Submitted January 8, 1980 — Decided February 4, 1980.

*Jack A. Wotton,* for appellant.
*Paul M. Hawkins, Howell Hollis, III, Charles T. Magarahan,* for appellees.