57 531
105 416
57 531
f110 283

DANIEL T. HARRISON, administrator, plaintiff in error, *vs.* MAHALABLE A. McCLELLAND, defendant in error.

1. The maker of a promissory note is bound personally, though the word "administratrix" be annexed to her signature.
2. The surrender of promissory notes made by the intestate, is a sufficient consideration to support a personal or individual note given by the administratrix to the creditor : *25 Georgia Reports, 242.*
3. Though the notes surrendered were due prior to June 1st, 1865, as the note given by the administratrix in lieu thereof was dated and due in 1867, the statute of limitations of 1869 does not apply to it; and suit brought in 1875, was in time, the note being under seal.

Administrators and executors. Contracts. Promissory notes. Statute of limitations. Before Judge TOMPKINS. Bulloch Superior Court. March Term, 1876.

On February 27th, 1875, Harrison, as administrator of Ninian Drummond, brought complaint against Mrs. McClelland, formerly Mrs. Edwards, on the following note:

"CHARLESTON, S. C., December 29th, 1867.
"Two days after date I promise to pay to Ninian Drummond, or order, at Charleston, South Carolina, the sum of $326 38, for value received.
"Witness my hand and seal.
    (Signed)     "MAHALABLE A. EDWARDS, [L. S.]
"$326 38.                *Administratrix.*"

The defendant pleaded the statute of limitations; that the note was not given by her individually, but as the administratrix of John P. Edwards; and that it was given without consideration of any kind moving to her, but merely in renewal of old notes made by her intestate during his life, dated and due before June 1st, 1865.

The evidence made the case presented by the two last pleas above set forth.

The jury found for the defendant. The plaintiff moved for a new trial upon the following grounds:

1st. Because the court erred in charging the jury as fol-

Harrison *vs.* McClelland.

lows : " If you believe from the evidence that the note sued on was made and signed by the defendant as administratrix upon the estate of John P. Edwards, and for no new consideration, but in lieu of certain other notes due by her intestate in his lifetime, and payable before June 1st, 1865, then she is liable (if liable at all on such note) as administratrix, and there can be no recovery against the defendant in her individual capacity."

2d. Because the court èrred in charging, that if the note sued on was given in renewal as above stated, and suit was not brought thereon before January 1st, 1870, it would be barred by the statute of limitations.

3d. Because the verdict was contrary to the law and the evidence.

The motion was overruled and the plaintiff excepted.

A. B. SMITH, for plaintiff in error.

RUFUS E. LESTER, for defendant.

BLECKLEY, Judge.

The law of the case is presented with sufficient fullness in the notes read from the bench. The plaintiff in error cited Story on Prom. Notes, section 63 ; 1 Parsons on Notes and Bills, 161 ; 39 *Georgia Reports,* 130 ; *McFarlin vs. Stinson,* 56 *Ibid.,* 396 ; Acts of 1869, p. 133 ; 51 *Georgia Reports,* 107 ; 50 *Ibid.,* 382 ; *Calloway vs. West,* July Term, 1876 ; 49 *Ibid.,* 431 ; 50 *Ibid.,* 382 ; Code, section 2915 ; 16 *Georgia Reports,* 382 : 29 *Ibid.,* 700 ; Code, section 5 ; 12 *Georgia Reports,* 459 ; 44 *Ibid.,* 128 ; Code, section 2724. The defendant in error cited 1 Ves. Sen'r., 126 ; 3 Bur. 1890; 2 Williams on Executors, 1512, 1514 ; 1 Saunders, 210 : 9 Wend., 273.

Judgment reversed.