ALLEN, executor, *v.* CONFEDERATE PUBLISHING CO.

1. A contract which contains a promise by one party to publish and deliver books of a certain character and a promise by another to pay for the same at a stipulated price when delivered, while executory in its nature, is not unilateral. Each promise is a sufficient consideration to support the other. The death of the latter promisor does not terminate the contract.
2. A plea of plene administravit, which fails to allege that the legal representative, at the time the assets were administered, did not know of the existence of the claim of the plaintiff as a creditor, is insufficient.
3. An agent to collect and settle a claim has no implied authority to submit the matter to arbitration.

Argued December 13, 1904.— Decided January 28, 1905.

Complaint.　　Before Judge Crisp.　　City court of Americus. January 6, 1904.

The Confederate Publishing Company, a corporation, brought suit against H. E. Allen, as executor of the will of J. H. Allen, upon a written contract of which the following is a copy:

"Americus, Ga., Dec. 8th, 1900.

"Confederate Publishing Co.: Please. deliver to me the 12 volumes of your Confederate History, for which I will pay you or order, on demand, the sum of $60.00, and the books shall be shipped to me or left at my residence or place of business. I understand no definite time can be promised for delivery. I waive all right to countermand this order, basing my subscription solely on the representations on the back hereof. [Signed] J. H. Allen."

On the back of this contract appeared ·a statement, signed by the Confederate Publishing Company, setting forth the character; scope, and design of the work; which statement, taken as a whole, constituted an undertaking on the part of the plaintiff to publish and deliver the books referred to in the foregoing order. It was alleged that the books were delivered to the defendant, and that he refused to pay for the same. The defendant filed an answer, in which he alleged that for want of sufficient information he

could neither admit nor deny the allegations in reference to the making of the contract, but denied that the books were ever delivered to him.    He specially pleaded that no attempt was made to fulfil the contract until after the death of the testator; that the books were of peculiar value to the testator, but of no value to his heirs; and that therefore his death terminated the contract.    The defendant further pleaded that the estate of J. H. Allen had been duly administered, and that plaintiff had not filed with the defendant a notice of its claim within twelve months from the date of his qualification, as required by law.    These special pleas were stricken on demurrer, and error is assigned on this judgment.    By amendment the defendant pleaded that the contract had been rescinded, and that the question of the liability of the estate on the contract was, by agreement with an agent of the plaintiff, submitted to the decision of an attorney at law, such agent agreeing that the attorney's decision should be final; that the decision of such attorney was that there was no liability; and that the defendant had never accepted the books, and, while they were in his possession, they had ever been subject to the plaintiff's order.    At the conclusion of the evidence the judge directed a verdict for the plaintiff, and error is assigned upon the judgment.

*Lane & Maynard* and *W. P. Wallis,* for plaintiff in error.
*J. A. Ansley* and *Shipp & Sheppard,* contra.

Cobb, J.    1. The contract was executory, but it was not unilateral.    J. H. Allen agreed to pay for the books when delivered, and the writing upon the back of the contract which was signed by the plaintiff was in effect an agreement on its part to deliver the books therein described in accordance with the terms of the contract.    There was a promise on the part of the plaintiff to publish and deliver the books, and a promise on the part of the deceased to pay for the same when delivered.    Each promise was a sufficient consideration for the other.    But even if the contract be treated as unilateral, it was binding upon J. H. Allen during his lifetime, and his legal representative after his death, until there was a withdrawal communicated to the plaintiff before its promise was executed either in whole or in part.    Allen did not attempt to withdraw during his lifetime, and his executor made no effort to withdraw until after the books were published and offered to him in compliance with the undertaking of the plaintiff.    The

death of J. H. Allen did not terminate the contract.　Civil Code, § 3438.　A mere notice to the plaintiff that Allen had died would not amount to a withdrawal on the part of the executor, even if he was at liberty to withdraw at the time this notice was given. Under either view of the case, the executor was bound to comply with the undertaking of his testator as set forth in the writing sued on.　See, in this connection, *Brown* v. *Bowman*, 119 *Ga.* 153, and cit.

2. The plea of plene administravit did not allege that the estate had been fully administered without notice of the plaintiff's claim, and was therefore defective and properly stricken on demurrer. *McIntosh* v. *Hambelton*, 35 *Ga.* 95 (3).　While it alleged that the plaintiff had not filed its claim within twelve months from the date of administration, it did not allege that the defendant did not know of the existence of this claim when he administered the estate.

3. The evidence at most showed. the agent with whom the defendant dealt to be an agent to collect and settle.　While an agent of this character is allowed some discretion in the matter of settlements, the discretion allowed is personal, and can not be delegated to another ; and hence a submission to arbitration is not within the scope of his authority.　1 Am. & Eng. Enc. Law (2d ed.), 1031 ; Mechem on Agency, § 405.

*Judgment affirmed.　All the Justices concur.*