## CANDLER v. DeGIVE.

In this case, it was error to dismiss the petition upon the demurrer filed thereto.

Argued June 9,—Decided November 19, 1909.

Complaint. Before Judge Pendleton. Fulton superior Court. January 24, 1909.

*McDaniel, Alston & Black,* for plaintiff in error.

*V. A. Batchelor,* contra.

HOLDEN, J. Candler brought suit against DeGive to recover the sum of $250 and interest, alleged to be due the plaintiff by reason of a certain contract, attaching to his petition a copy thereof, which reads as follows: "I, J. L. DeGive, President of the Southern Historical Association, hereby agree to pay Governor A. D. Candler the sum of two hundred and fifty dollars upon delivery and collection of our book entitled 'Georgia,' or at his option he may waive this amount and receive the additional one dollar per copy sold above one thousand copies, as stipulated in the original contract between Governor A. D. Candler and the Southern Historical Association. This delivery to be by the first of Feb., 1907, unless some unavoidable accident or delay beyond the control of the Southern Historical Association should prevent it. The foregoing agreement is to render void all parts of contract previously made between Southern Historical Association and Governor A. D. Candler as regard to all remuneration over and above the five hundred dollars already paid him by said Association. It is agreed and understood that Governor A. D. Candler will not in any way whatsoever publish or cause to be published any article in any way detrimental to the delivery and collection of this book. J. L. DeGive, President. A. D. Candler." The petition alleged: "The said J. L. DeGive is indebted to the said A. D. Candler, this petitioner, in the sum of $250, with interest thereon from the first day of February, 1907, at the rate of seven per cent. The said J. L. DeGive was interested in the Southern Historical Association, against which the said A. D. Candler had a claim for services amounting to $500. As a compromise of the said claim, the said J. L. DeGive gave to the said A. D. Candler a writing hereto attached, marked exhibit A, and made a part of this petition, by which writing the said DeGive agreed to pay to the said

Candler the sum of $250 in accordance with the terms and tenor of said writing. The said sum was to have been paid, in accordance with the terms of said writing, not later than the first day of Feb., 1907. No part of said sum has been paid." The defendant demurred to the petition, on the ground "that the said petition upon its face shows the alleged obligation sought to be sued upon by the plaintiff is that of the Southern Historical Association, and not of this defendant, and that no cause of action is set up against this defendant." The court sustained this demurrer and dismissed the petition, and the plaintiff excepted. A proper construction of this demurrer is that the petition was demurred to only on the ground "that the said petition upon its face shows the alleged obligation sought to be sued upon by the plaintiff is that of the Southern Historical Association, and not of this defendant." The language following the words above quoted, "and that no cause of action is set up against this defendant," means that no cause of action is set forth, because "the petition upon its face shows the alleged obligation sought to be sued upon by the plaintiff is that of the Southern Historical Association, and not of this defendant."

Ordinarily an instrument signed by one after whose signature is added the word agent, trustee, or the like, is the individual undertaking of the maker, such words being treated merely as descriptive of the person. Civil Code, §2998. And it has been several times held by this court that the mere addition thereto of the name of the person or corporation of whom the party signing is the agent, trustee, or the like, did not, of itself, relieve the person so signing from incurring an individual liability. *Cleaveland* v. *Stewart*, 3 *Ga.* 283; *Faw* v. *Meals*, 65 *Ga.* 711; *Dozier* v. *McWhorter*, 117 *Ga.* 788 (45 S. E. 61); *Armour Packing Co.* v. *Lovell*, 118 *Ga.* 164 (44 S. E. 990). Counsel for the defendant insists that the conditions and stipulations contained in the contract are such as to clearly indicate that it was intended to be the obligation of the Historical Association, and not that of the defendant. The Civil Code, §3022, declares that "the form in which the agent acts is immaterial; if the principal's name is disclosed and the agent professes to act for him, it will be held to be the act of the principal." But an agent may bind not only his principal, but himself also. The suit was against DeGive

alone, and there is here involved no question as to whether or not the Southern Historical Society can be held liable on the contract set forth. The question for determination is whether or not the defendant can be held liable thereon. The only promise to pay contained in the writing is, "I, J. L. DeGive, President of the Southern Historical Association, hereby agree to pay Governor A. D. Candler;" and the writing is signed, "J. L. DeGive, President." The statements in the writing do not show that the defendant DeGive is not liable to pay the amount of the obligation. If the statements in the contract show that the whole or part of the benefit of the consideration is received by the Association, and that the obligation is given to settle matters between the Association and Candler, these facts alone would not be sufficient to show the want of liability on the part of DeGive. The writing does not clearly disclose the full meaning of the contracts therein referred to as having existed between the Association and Candler. Whether the writing is ambiguous and parol evidence is admissible to show its meaning, as to whether it was the intention to bind DeGive or the Association, is not involved in the present consideration of the case. The court committed error in sustaining the demurrer.     *Judgment reversed. All the Justices concur.*