### 4033. WATSON v. ASHBURN, executrix.

There being no substantial variance between the evidence in the present record and that in the record of this case when before this court at the October term, 1910 (8 *Ga. App.* 566), the decision then made is controlling, and the trial judge did not err in directing a verdict in favor of the plaintiff.

DECIDED JULY 10, 1912.

Action for breach of warranty; from city court of Thomasville—
Judge W. H. Hammond. January 10, 1912.

*Louis Moore, Roscoe Luke,* for plaintiff in error.

*Shipp & Kline,* contra.

POTTLE, J. The facts are fully reported in the former decision.
*Ashburn* v. *Watson,* 8 *Ga. App.* 566 (70 S. E. 19). The main
defense was that Ashburn, the grantee, had abandoned the posses-
sion which he acquired after the execution of the deed by the
defendant and his co-warrantor, in consequence of which abandon-
ment Morrison was enabled to acquire possession and maintain
it against the paper title which Ashburn held. As to this
defense this court held: "The evidence introduced by the defend-
ant along this line was too indefinite and too lacking in particu-
larity to overcome the prima facie case made by the plaintiff upon
the introduction of proof of the warranty and of the notice to the
warrantor, and of the adverse judgment in the complaint for land."
A careful examination of the evidence in the present record dis-
closes no substantial variance from that in the former record. The
testimony of the witness Murphy was relied upon in both trials, to
prove the abandonment of possession by Ashburn. The testimony
of this witness is no more definite now than it was before, and the
former decision is res judicata. There was no error in directing
a verdict for the plaintiff.                    *Judgment affirmed.*