4562.  STUBBS *v.* FOURTH NATIONAL BANK OF MACON.

HILL, C. J.  1. A promissory note signed "Claude M. Stubbs, administrator of estate of F. B. Stubbs," is a personal obligation of Claude M. Stubbs, the words "administrator," etc., being descriptio personæ. Civil Code (1910), § 5690; *Cleaveland* v. *Stewart*, 3 *Ga.* 283; *Harrison* v. *McClelland*, 57 *Ga.* 531; *Candler* v. *DeGive*, 133 *Ga.* 486 (66 S. E. 244); *Kennedy* v. *Gelders*, 7 *Ga. App.* 241 (66 S. E. 620).

(*a*) A suit against "Claude M. Stubbs, administrator of estate of F. B. Stubbs," on a note so signed, was a suit against him as an individual, and not as administrator of the estate of F. B. Stubbs; and the petition was not subject to demurrer on the ground that its "allegations are legally duplicitous, ambiguous and equivocal, in that they fail to allege whether said suit is against the defendant, Claude M. Stubbs, as administrator of the estate of F. B. Stubbs, or against said Claude M. Stubbs individually."

(*b*) The note not being a contract of the decedent, F. B. Stubbs, the statutory exemption from suit allowed an administrator was not applicable. Civil Code (1910), § 4015.

2. The language, "Claude M. Stubbs, administrator of estate of F. B. Stubbs," was not sufficient to put the purchaser of the note so signed on inquiry for the purpose of finding out whether the note was the personal obligation of Claude M. Stubbs, or was an obligation of Claude M. Stubbs as administrator of the estate of F. B. Stubbs; nor was it sufficient to bring into question the real consideration of the note, or to impose upon a purchaser before maturity any duty to inquire as to what was the consideration of the note. But even knowledge of the consideration of a note is not notice that the consideration has failed; and where the consideration is expressed in the note, unless it appears to be illegal and immoral, this fact does not affect the note as a negotiable instrument. *Brooks* v. *Floyd*, ante, 530; *Citizens Bank* v.

*Greene,* ante, 49; *Simmons* v. *Council,* 5 *Ga. App.* 386 (63 S. E. 238); *Howard* v. *Simpkins,* 70 *Ga.* 322; *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688); *Johnson County Bank* v. *Roberts,* 125 *Ga.* 41 (53 S. E. 808).

3. The holder of a note as collateral security for a debt stands upon the same footing as a purchaser. Civil Code (1910), § 4289. And the holder of a note as collateral security is presumed to be such bona fide and for value, and the burden of rebutting this presumption is upon the defendant. Civil Code (1910), § 4288.

4. "Fraud in the procurement" of a note (Civil Code, § 4288) means fraud by the holder in procuring the note, and not fraud in the original contract. *Harrell* v. *National Bank of Commerce,* 128 *Ga.* 504 (57 S. E. 869).

5. Where a corporation holds out a person as its officer, it is bound by acts apparently within the scope of his authority, notwithstanding a by-law or other limitation upon the power of the officer, not known to a person dealing with him as such officer. *Johnson* v. *Waxelbaum,* 1 *Ga. App.* 511 (58 S. E. 56). Under this rule, a note made payable to the order of a named corporation, indorsed in the name of the corporation by its secretary and treasurer, is sufficient to transfer the title to the note, in the absence of notice by the indorser that the secretary and treasurer had no authority to make the indorsement and transfer for the corporation.

6. The foregoing rules of law, applied to the evidence, demanded the verdict for the plaintiff as directed.                *Judgment affirmed.*

DECIDED APRIL 2, 1913.

Complaint; from city court of Macon—Judge Hodges. October 25, 1912.

*Hatcher & Smith, Walter T. Johnson,* for plaintiff in error.
*Hardeman, Jones, Callaway & Johnston,* contra.