29548, 29567.  PERRY *v.* KIMBERLY JEWELRY
COMPANY; and *vice versa.*

DECIDED DECEMBER 1, 1942.  REHEARING DENIED DECEMBER 14, 1942.

*C. D. Stewart, J. V. Poole,* for plaintiff.
*W. F. Brandt, Winfield Payne Jones,* for defendant.

BROYLES, C. J.  A. S. Perry sued Kimberly Jewelry Company
for earned wages for services alleged to have been rendered under
a written contract between the parties.  A demurrer to the petition
was overruled and that judgment is assigned as error in the cross-
bill of exceptions.  The judge, sitting without a jury, rendered a
judgment for the defendant.  A motion for a new trial was denied
and the plaintiff excepted to that judgment.

The petition sets forth the following alleged facts: On March
8, 1940, Perry entered into a written contract with Kimberly
Jewelry Company, a corporation, also known as Kimberly's Inc.,
to render certain described services to it, as an artistic advertiser
and efficiency expert, for the sum of $50 a month for a period of
twelve months.  Perry was to pay for printing, making maps, pic-
tures, etc., and bill those expenses to Kimberly's Inc., and the cor-
poration was to reimburse Perry therefor.  Perry's petition alleged
that Kimberly Jewelry Company was also known as Kimberly's
Inc., and is "the defendant named herein."  The petition alleged
that. Perry served the defendant under the contract for twelve
months, and had been reimbursed for all moneys he had paid for
expenses, except for the sum of $19.31, by the defendant; that
after the defendant had received the fruits of his work for twelve
months, it refused to comply with the most important part of the
contract, namely, the paying to petitioner the sum of $50 per
month for the entire twelve months; that the contract was com-
pletely performed by the parties, except the payment to petitioner
by defendant of $600 for his work for twelve months, and the fur-
ther sum of $19.31 which petitioner had paid for printing, maps
etc.

The contract contained the following provision: "Perry retains

the prerogative of cancelling this contract at any time and will notify Kimberly's to that effect in writing, allowing fifteen days' notice prior to cancellation." Assuming that this provision rendered the contract unilateral, the petition showed such a partial performance of it as to satisfy the requisites of mutuality. In *Retailers Service Bureau* v. *Newman &c. Co.*, 40 *Ga. App.* 185 (149 S. E. 89), headnote 2 reads in part as follows: " 'The test of mutuality is to be applied as of the time the contract is to be enforced; and if the promisee accomplish the object contemplated, then the promise is rendered valid and binding. A promise may be nudum pactum when made because the promisee is not bound, but it becomes binding when he subsequently furnishes the consideration contemplated by doing what he was expected to do.' *Hall* v. *Wingate*, 159 *Ga.* 630 (2 c), 652 (126 S. E. 796); *Brown* v. *Bowman*, 119 *Ga.* 153 (46 S. E. 410). And partial performance of a contract 'will satisfy the requisites both of mutuality and of the statute of frauds.' *Fontaine* v. *Baxley*, 90 *Ga.* 416, 425 (17 S. E. 1015)."

The cases cited in behalf of the jewelry company are distinguished by their facts from this case. The court did not err in overruling the ground of the demurrer that alleged the contract was unilateral and therefore void. Nor was it error to overrule the demurrer to the allegation that Kimberly Jewelry Company was also known as Kimberly's Inc., the petition alleging that said company was also known as Kimberly's Inc., and is "the defendant named herein." The other grounds of the demurrer were properly overruled.

The defendant in its answer set out two defenses: 1. A denial "that it is known as Kimberly's Inc., and says that it has not registered in such name but does business under its corporate name of Kimberly Jewelry Company;" and 2, that the account sued on is barred because of the wilful failure of the plaintiff to list the account as intangible property for taxation as required by the 1937-1938 act of the legislature. The latter defense, under the undisputed evidence, is without merit. On the trial the material allegations of the plaintiff were conclusively proved by the evidence, oral and documentary, and a recovery for the plaintiff was demanded. The evidence demanded a finding that Kimberly Jewelry Company was also widely known as Kimberly's Inc., by the

postal authorities, by its patrons, and by the company itself; and that Kimberly Jewelry Company and Kimberly's Inc. were one and the same concern. It is true that Kimberly testified that he had no authority from the company to sign the contract, and that in so doing he was acting for himself personally and not for the corporation. However, he admitted that he was the president, the treasurer, and the *general manager* of the corporation, and it is conclusively shown by the evidence that the services the plaintiff was hired to perform under the contract were the ordinary and usual services pertaining to the business of the corporation, and such as the general manager thereof would necessarily have authority to bargain for. The undisputed evidence further showed that Kimberly was the only member of the corporation's board of directors who received a salary. In other words, the corporation and Kimberly, for all practical purposes, were one and the same, and his testimony that he had no authority to sign the contract for the corporation was so manifestly and inherently incredible and untrue that it should have been disregarded by the court, sitting as both judge and jury. This is especially true since Kimberly was substantially a party to the case. It is well settled that courts and juries should reject testimony that is manifestly and inherently incredible, although the testimony be not *directly* contradicted by other testimony. It is also well settled by numerous decisions of the Supreme Court and this court that a party, offering himself as a witness in his own behalf, is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. In our opinion, the evidence conclusively showed that Perry had performed the services called for in the contract, that the defendant corporation received the benefits thereof, and that a judgment for the plaintiff was demanded. It follows that the denial of a new trial was error.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. MacIntyre and Gardner, JJ., concur.*