30253. KIMBERLY JEWELRY COMPANY *v.* PERRY.

DECIDED FEBRUARY 2, 1944.

*Noah J. Stone, Winfield P. Jones,* for plaintiff in error.
*Clarence D. Stewart, J. V. Poole,* contra.

FELTON, J. This is the second appearance of this case here. *Perry* v. *Kimberly Jewelry Co.,* 68 *Ga. App.* 568 (23 S. E. 2d, 471). Other than the defenses relied upon at the first trial the further defense of total failure of consideration was added by amendment. The judgment of the judge trying the case without the intervention of a jury with regard to that defense is as follows: "There was evidence on behalf of defendant showing a failure of consideration, but the evidence shows that the services as a whole were of some value to defendant, and no proof being submitted upon which to base a judgment of partial failure of consideration, the plea of total failure of consideration must be and is hereby denied." The evidence on the two trials was substantially the same touching all the issues raised. This court having ruled on the former appeal that "the evidence conclusively showed that Perry had performed the services called for in the contract, that the defendant corporation received the benefits thereof, and that a judgment for the plaintiff was demanded," that ruling became the law of the case as to all issues passed upon, and the former decision is res judicata. *Taylor* v. *Felder,* 11 *Ga. App.* 742 (76 S. E. 75); *Watson* v. *Ashburn,* 11 *Ga. App.* 322 (75 S. E. 264).

It is the contention of the defendant in error that the trial judge committed an error of law on the second trial in allowing two

amendments setting up that demand for payments for services and materials was made in a named amount; that the plaintiff completely performed his part of the contract for twelve months; and that the defendant accepted his services and was due therefor the sum of $619.31. The objections to these amendments were that according to the terms of the contract which provided that failure to make any payment by the defendant would cause the cancellation of the contract, the allegation of nonpayment by the plaintiff changed the action from one on contract to one on quantum meruit. There is no merit in this contention.

The judge, trying the case without a jury, did not err in awarding judgment to the plaintiff.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*