36777. LATHAM PLUMBING & HEATING COMPANY *v.* LEDBETTER TRUCKS, INC.

GARDNER, P. J. Latham Plumbing & Heating Company sought to foreclose a lien on certain real estate described in the petition, in its favor and against Ledbetter Trucks, Inc. The defendant demurred to the petition and the trial court sustained the demurrers and dismissed the petition. On this judgment the plaintiff assigns error here.

The germane question is whether or not the plaintiff attempted to foreclose its lien in accordance with Code (Ann.) §§ 67-2001 and 67-2002. Due to the fact that practically all of the members of the bar are familiar with these Code sections, we deem it unnecessary to quote them here.

The gist of the contention on the part of the plaintiff is that the petition as amended alleged sufficient facts to show that the court erred in sustaining the demurrers and dismissing the petition. On the contrary the defendant contends that the lien which was attempted to be foreclosed under the petition against the defendant was in fact not properly foreclosed against the defendant but that the whole effort to foreclose

the lien was against Dewey L. Stevens, Jr., who is alleged to be an officer of the plaintiff and who, according to the record, did the plumbing work on the real estate for which a lien is claimed; that the plaintiff was not a party to the contract for the improvements but the contract was in the name of Dewey L. Stevens, Jr. It is alleged in the petition that within twelve months (as provided in the Code sections covering this subject matter), the contractor who made the contract for the improvements left the State of Georgia. The petition, as amended, fails to allege that the plaintiff has taken no personal security for the work done and material furnished. This is a necessary legal prerequisite. See *Royal* v. *McPhail*, 97 *Ga.* 457 (3) (25 S. E. 512). The petition fails to allege that the plaintiff is entitled to a lien under Code (Ann.) § 67-2001. The petition does not allege that the work done or material furnished was for the improvement of real estate. The petition does not show that the work done or the material furnished was done upon the employment of a contractor in carrying out a contract with the defendant. The petition does not allege that the work done or material furnished was "upon the employment of some person other than the owner" authorized to make such contract. The petition does not allege that the aggregate amount of the lien set up does not exceed the contract price of the improvements made, if any. The petition fails to show that the amount for which the plaintiff asserts his claim of lien comes within the contract price agreed on by Mr. Kay, the alleged contractor. The time of doing the work and the time of furnishing the material is not alleged. Construing the petition as a whole, it shows that the act is barred by the statute of limitations, insofar as the defendant is concerned in that no claim of lien was filed by the plaintiff, or recorded, within three months after the completion of the work, and no action was commenced for the recovery within twelve months from the time the same became due, all of which makes the petition fatally defective. A copy of the claim of the lien attached to the petition shows: "Georgia, Floyd County. The undersigned, Dewey L. Stevens, Jr. an officer of Latham Plumbing & Heating Company, who are plumbers, mechanics and contractors, claims a lien upon a certain building or structure, erected upon said premises or real estate of Ledbetter Trucks, Inc., situated in said county;

and also upon said real estate. Said building or structure being described as follows: Starting at a point on the easterly side of the Glenn Milner Highway, otherwise known as East 5th Street, 25 feet northerly of the point where a projection of the north side of the old Pepper dwelling house would intersect the east side of the Glenn Milner Highway; running thence southerly along the easterly side of the Glenn Milner Highway 110 feet, and extending back between parallel lines at right angles to the Glenn Milner Highway, to the westerly side of the Etowah River, subject to the reservation of a driveway approximately parallel to the Glenn Milner Highway, and at or near the Etowah River; said property being in the City of Rome, Georgia. Said lien is claimed for the plumbing work done and materials furnished by the undersigned upon said premises. The amount for which the undersigned claims this lien is $881.94. And now, within three months since the same was done, the undersigned records this lien therefor in the office of the clerk of the superior court of the county where said property is situated, as aforesaid, pursuant to the provisions of Section 67-2002 of the Code.

"s/ Dewey L. Stevens, Jr.
Officer of Latham Plumbing &
Heating Company."

The plaintiff is alleged to be a corporation. No corporate seal was attached to the signature.

This record clearly shows that there is nothing in the petition to bind the defendant by reason of any instrument signed by Dewey L. Stevens, Jr. There are numerous decisions holding that an instrument signed in the manner in which the individual Dewey L. Stevens, Jr., signed the instrument attached to this petition, shows descriptio personae and does not render the instrument that of the designated principal. See *Kennedy* v. *Gelders*, 7 *Ga. App.* 241 (66 S. E. 620); *Stubbs* v. *Fourth National Bank of Macon*, 12 *Ga. App.* 539 (1) (77 S. E. 893); *Morris* v. *Reed*, 14 *Ga. App* 729 (1) (82 S. E. 314); *Dorsey* v. *Rankin*, 43 *Ga. App.* 12 (157 S. E. 876); *Cleaveland* v. *Stewart*, 3 *Ga.* 283 (2); *Harrison* v. *McClelland*, 57 *Ga.* 531 (1); *Greenfield* v. *Stout*, 122 *Ga.* 303 (1) (50 S. E. 111); *Candler* v. *DeGive*, 133 *Ga.* 486 (66 S. E. 244). It therefore clearly appears that whenever the name of Dewey L. Stevens, Jr., is shown, whether or not it is followed by the words "an

officer" of the plaintiff company, the words "an officer" are merely descriptive of Dewey L. Stevens, Jr., and do not bind the plaintiff as a corporation, and consequently have no binding effect on the defendant.

The court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*

DECIDED JULY 11, 1957.

*Gary Hamilton, Bert Garstin,* for plaintiff in error.
*John W. Maddox, Matthews, Maddox, Walton & Smith,* contra.