## 40868. ALLEN et al. v. ARROW CONTRACTING COMPANY.

HALL, Judge. The plaintiff brought suit seeking a general judgment and a special lien on the defendants' real estate for a sum allegedly due for work that it had completed on a contract to remodel a house by an addition to the rear, enclosing an existing porch, and making other changes and improvements specified in the contract in some detail and with reference to a drawing. The defendants assign error on the overruling of their demurrers to the petition. *Held:*

1. The petition was brought by Arrow Contracting Company, a corporation organized under the laws of the State of Georgia, having its principal domicile and place of business in the City of Atlanta, Fulton County, State of Georgia. The contract alleged in the petition names Arrow Contracting Company as the contractor and is executed by "Contractor: Arrow Contracting Company, by Jack A. Spielberg." The recorded claim of lien attached to the petition, upon which the prayer for a special lien is based, names as claimant "Jack A. Spielberg, trading as Arrow Contracting Company, Inc." and is executed "Jack A. Spielberg, t/a Arrow Contracting Company, Inc., By: Jack A. Spielberg."

The execution of the lien by Jack A. Spielberg, even though it is followed by "t/a Arrow Contracting Company, Inc.," did not bind the plaintiff corporation; the words "t/a Arrow Contracting Company, Inc." are merely descriptive of Jack A. Spielberg. They do not bind the plaintiff as a corporation and consequently have no binding effect on the defendants. *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.,* 96 Ga. App. 219, 221 (99 SE2d 545).

The allegation that the plaintiff corporation filed the lien, attached to the petition as an exhibit, in the office of the Clerk of the Superior Court of Fulton County is contradicted by the exhibit itself which shows that it was filed by an individual in a trade name. Allegations of a petition yield to contradictory facts shown in exhibits attached thereto. A petition based on an instrument executed in the name of a different person from the person named as a party in the petition is subject to general demurrer. *Harris v. Ackerman,* 88 Ga. App. 128 (76 SE2d 132); *Vandiver v. Endicott,* 215 Ga. 250,

251 (109 SE2d 775); *Spielberg v. McEntire,* 105 Ga. App. 545, 549 (125 SE2d 134). The present petition, however, prays for a general judgment based on the contract alleged, as well as for a special lien on the defendant's property based on the recorded claim of lien. The contradiction in the parties named in the petition and in the claim of lien does not affect the right of the plaintiff corporation to the general judgment prayed for. The defendants did not raise the question of the contradiction of parties between the petition and the claim of lien by a special demurrer, and this defect did not subject this petition to general demurrer.

A petition may be amended to correct a misnomer of a party, but may not be amended to add a new party. *Parker v. Kilgo,* 109 Ga. App. 698, 700 (137 SE2d 333). See *Clark Bros. v. Wyche,* 126 Ga. 24 (54 SE 909); *Goldgar v. North Fulton Realty Co.,* 106 Ga. App. 459, 463 (127 SE2d 189).

2. This court held in *Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536), that a contract for labor and materials to be furnished on a house, upon which the work had not been completed, was too vague and indefinite to be the basis of recovery for the reason that the work contracted to be done could not be ascertained from the instrument. The *Jones* opinion pointed out additionally that the provision for payment for the work (similar to that in the contract alleged in the present case) was also indefinite and appeared to be contingent upon the completion of a loan involving a named bank that was not a party to the contract. The present petition alleges a contract that (even without the floor plan drawing that was alleged by amendment and attached as an exhibit) is extensively more detailed and specific as to the work contracted to be done, the parts of the premises to be improved, and the numbers, sizes and locations of various items, and in which payment does not appear contingent as in the *Jones* case. The contract alleged in the present case is not too vague and indefinite to be enforceable by the terms of the written instrument or by other explanatory evidence. *Hanson v. Stern,* 102 Ga. App. 341 (116 SE2d 237); *Milton Frank Allen Publications v. Georgia Assn. of Petroleum Retailers,* 219 Ga. 665, 672 (135 SE2d 330). Furthermore, the petition alleges that the plaintiff has performed its part of the contract according to its terms. Even if we assume arguendo that the alleged contract was unenforceable when entered into, the plaintiff's

performance would make it mutual and enforceable against the defendants. *Jones v. Logan Co.*, 85 Ga. App. 256 (68 SE2d 718); *Allen v. Confederate Pub. Co.*, 121 Ga. 773 (49 SE 782); *Hardin v. Case*, 134 Ga. 813, 814 (68 SE 648); *Case Threshing Machine Co. v. Donalson*, 10 Ga. App. 428, 431 (73 SE 618); *Peeples v. Citizens Nat. Life Ins. Co.*, 11 Ga. App. 177 (74 SE 1034); *Perry v. Kimberly Jewelry Co.*, 68 Ga. App. 568 (23 SE2d 471). Accord *Jones v. Ely*, 95 Ga. App. 4 (2), supra.

The trial court did not err in overruling the defendants' general demurrers (numbers 2 and 3).

3. The defendants contend that the drawings attached to the petition as exhibits, and the allegation that the drawings were made according to discussions between the parties at the time the contract was signed, as an illustration of the work to be done as set out in the contract and assented to by the defendants, are irrelevant and an attempt to vary the terms of the contract which provides, "This contract constitutes the entire understanding of the parties and no other understanding, collateral or otherwise, should be binding unless in writing signed by both parties."

This allegation and the drawings are not shown to be inconsistent with the terms of the written contract alleged. Since they appear as allegations to explain and amplify the written contract, they are not irrelevant for this purpose. The trial court did not err in overruling the demurrers directed at these allegations and exhibits (numbers 4 and 5).

4. Though the defendants did not raise the point by special demurrer, they argue that it was necessary that the petition allege that the plaintiff had taken no personal security for the work done and material furnished. The statement in *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.*, 96 Ga. App. 219, supra, that such an allegation "is necessary legal prerequisite" is in conflict with *Chicago Building &c. Co. v. Talbotton Creamery &c. Co.*, 106 Ga. 84, 91 (31 SE 809), which holds to the contrary. Cf. *Belmont Farm v. Dobbs Hdw. Co.*, 124 Ga. 827 (53 SE 312); *Pippin v. Owens*, 29 Ga. App. 789, 790 (116 SE 549). The case of *Royal v. Mc-Phail*, 97 Ga. 457, 460 (25 SE 512), merely held that it was too late after judgment to raise this issue.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 24, 1964.

*Zachary & Hunter, W. E. Zachary,* for plaintiff in error.
*Robert L. Fine,* contra.